**Leonida MARKU, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General,[1] Respondent.**

**No. 08–1841–ag.**

United States Court of Appeals,
Second Circuit.

April 14, 2009.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

Andrew P. Johnson, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Barry J. Pettinato, Assistant Director, Monica G. Antoun, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. WILFRED FEINBERG and Hon. PETER W. HALL, Circuit Judges.

### *SUMMARY ORDER*

Leonida Marku, a citizen of Kosovo, seeks review of a March 20, 2008 order of the BIA affirming the April 10, 2006 decision of Immigration Judge ("IJ") Theresa Holmes–Simmons denying Marku's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Leonida Marku,* No. A98 642 725 (BIA Mar. 20, 2008), *aff'g* No. A98 642 725 (Immig. Ct. N.Y. City Apr. 10, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA affirms the IJ's decision in some respects but not others, this Court reviews the IJ's decision as modified by the BIA decision, i.e. minus the arguments for denying relief that were rejected by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005).[2] We review the agency's find-

---

**2.** Because the BIA rejected the IJ's finding that Marku's application was untimely, we do not review that finding.

ings of fact under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). Questions of law and the application of law to undisputed fact are reviewed *de novo. See Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

■ As a preliminary matter, because Marku failed to challenge before the BIA the IJ's denial of her application for withholding of removal and CAT relief, and because the BIA declined to address the denial of such relief, we are without jurisdiction to review any challenge Marku now makes to the denial of that relief. *See* 8 U.S.C. § 1252(d)(1); *Theodoropoulos v. INS,* 358 F.3d 162, 165–69, 174 (2d Cir. 2004). We dismiss the petition for review to that extent.

The agency properly concluded that Marku failed to demonstrate eligibility for asylum because she did not show that the incidents she described occurred on account of an enumerated ground. 8 U.S.C. § 1101(a)(42). In order to demonstrate that persecution or a fear of persecution is on account of an applicant's political opinion, the applicant must show that the persecutor was motivated by his or her perception of the *applicant's* opinion, rather than merely by his or her *own* opinion. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 (2d Cir.2005). Thus, it is insufficient to demonstrate that a persecutor acted or is likely to act from "a generalized political motive." *INS v. Elias–Zacarias,* 502 U.S. 478, 482, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (internal quotation marks omitted). Moreover, general violence in a country from which asylum is claimed "does not lend support to an asylum claim since a well-founded fear of persecution must be on account of an enumerated ground set forth in the Act, and general crime conditions are not a stated ground." *Melgar de Torres v. Reno,* 191 F.3d 307, 314 (2d Cir.1999).

■ Here, Marku described three incidents that she characterized as persecution: (1) an unidentified person shot at her family's house; (2) she was followed; and (3) masked men attempted to kidnap her. Marku testified that she did not know the identities of any of the individuals associated with these incidents where they said nothing to her. However, she believed the incidents occurred because of her father's involvement with the Democratic League of Kosovo where he had previously been harassed by members of the Liberation Army of Kosovo. Given Marku's testimony, the agency reasonably found that she had not established that the incidents were committed on account of an enumerated ground. *See Yueqing Zhang,* 426 F.3d at 545.

■ The agency also reasonably held that Marku failed to demonstrate that she has a well founded fear of future persecution. Marku conceded that her parents and brother still reside in Kosovo and have remained unharmed. Moreover, the IJ properly found that country conditions have improved since the war ended in 1998. *Hoxhallari v. Gonzales,* 468 F.3d 179, 187–88 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED, in part, and DISMISSED, in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).